UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL LAZARO GARCIA-HERNANDEZ,<br><br>                         Plaintiff,<br><br>           -against-<br><br>THE UNITED STATES,<br><br>                         Defendant. | 22-CV-9300 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Gabriel Lazaro Garcia-Hernandez, who is currently incarcerated at FCI Lewisburg, in Lewisburg, Pennsylvania, brings this *pro se* action under the Federal Tort Claims Act ("FTCA"), asserting negligence claims against Defendant United States. For the following reasons, the Court transfers this action to the United States District Court for the Middle District of Pennsylvania.[1]

## BACKGROUND

On October 28, 2022, Plaintiff filed a complaint asserting negligence claims against the Federal Bureau of Prisons ("FBOP") that arose at three federal correctional facilities: FCI Ray Brook, located in Essex County, New York; FCI Otisville, located in Orange County, New York; and FCI Lewisburg, located in Union County, Pennsylvania. (ECF 2.) He claimed that correctional staff denied him medical treatment at all three facilities, and at Lewisburg, staff continued to deny him treatment.

On February 6, 2022, the Court (1) dismissed the claims brought against the FBOP, under the doctrine of sovereign immunity, (2) granted Plaintiff leave to assert FTCA claims against the

---

[1] The Court granted Plaintiff's application to proceed *in forma pauperis* on November 22, 2022. (ECF 4.)

United States and (3) directed Plaintiff to allege facts showing that he exhausted his claims with the FBOP. (ECF 5.) The Court also informed Plaintiff that he could move to withdraw the action, exhaust his claims, and file a new civil action asserting his FTCA claim against the United States, noting that the proper venue for an FTCA claim is "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). (*Id.*) The Court also noted that Plaintiff's ongoing claims are occurring at FCI Lewisburg, located in Union County, which falls within the jurisdiction of the Middle District of Pennsylvania. *See* 28 U.S.C. § 116.

On March 20, 2023, Plaintiff filed an amended complaint, in which he reasserts his claims that arose at Ray Brook, Otisville, and Lewisburg. As for his ongoing claims at Lewisburg, he states that "[s]ince 10/27/22 plaintiff has not received any more medical treatment or attention." (ECF 6, at 7.) He attaches to the amended complaint his September 8, 2022, FBOP grievance, filed at Lewisburg, in which he seeks medical treatment for his back. (*Id.* at 30.) Plaintiff also attaches the Lewisburg Warden's September 8, 2022, denial of his grievance (*id.* at 32), and a February 14, 2023, decision by Regional Director J.C. Petrucci, in which he denied Plaintiff's appeal (*id.* at 34). In Director Petrucci's denial, he explained that Plaintiff may appeal his denial to the FBOP's General Counsel within 30 days of that decision.[2] (*Id.*)

## DISCUSSION

Under the FTCA, a civil action may be filed in "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Ordinarily, "a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead the prisoner retains his pre-incarceration domicile for diversity

---

[2] Plaintiff does not state whether he appealed the Director's decision.

purposes." *Fermin v. Moriarty*, No. 96-CV-3022, 2003 WL 21787351 at *2 (S.D.N.Y. 2003); *see Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979); *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007).

Here, Plaintiff does not state where he resided before his incarceration, so the Court cannot determine where he resides for venue purposes.[3] His ongoing claims, however, occurred at FCI Lewisburg, where he alleges correctional staff have denied him care and where he filed his grievance regarding that care. Indeed, the amended complaint primarily concerns his ongoing need for treatment and indicates that he only exhausted his claims regarding that alleged lack of treatment at Lewisburg; the amended complaint does not show exhaustion of his claims at Ray Brook or Otisville. The Court therefore concludes that the Middle District of Pennsylvania is a proper venue for this FTCA action under 28 U.S.C. § 1402(b).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, because venue lies in the Middle District of Pennsylvania, *see* 28 U.S.C. § 1402(b), in the interest of justice, the Court transfers this action to the United States District Court for the District of Pennsylvania, 28 U.S.C. § 1406(a).

---

[3] Plaintiff's criminal proceedings were held in the United States District Court for the District of North Dakota. *See United States v. Garcia-Hernandez*, No. 14-CR-0076 (D.N.D. Feb. 24, 2015).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   April 11, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge